UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROSALIND ELAINE SMITH<br>    Plaintiff | )<br>) | CIVIL ACTION NO.<br>3:15-CV-00599-AWT |
| v. | )<br>)<br>) | |
| A BETTER WAY WHOLESALE<br>AUTOS, INC.<br>    Defendant | )<br>)<br>)<br>) | |
| | ) | AUGUST 28, 2017 |

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR POST-APPEAL ATTORNEY'S FEES**

**INTRODUCTION**

    The Plaintiff, Rosalind Elaine Smith, submits the following in support of her motion for an award of post-appeal attorney's fees against the Defendant, A Better Way Wholesale Autos, Inc. ("ABW"). Plaintiff seeks an award of $8,595 for the fees reasonably incurred in responding to the appeal filed by ABW.

    This motion seeks fees in addition to those sought in the Motion for Supplemental Attorney's Fees filed on April 25, 2017 in which the Plaintiff sought fees of $5,800 for the work necessarily performed in seeking the confirmation of the award and in responding to a collateral proceeding initiated by ABW in state court. That motion is still pending.

**PROCEDURAL HISTORY AND BACKGROUND**

    The undersigned represents that the following is a true statement of the Procedural History and Background of this Motion.

The procedural history up to the time of judgment is set forth in the Memorandum in Support of Motion for Supplemental Attorney's Fees. This Court entered judgment on April 12, 2017. Although ABW had not filed any opposition to the Plaintiff's Motion to Confirm the Arbitration Award, it nevertheless appealed from that judgment on May 2, 2017.

Seeking to prevent Smith from executing on her judgment, ABW filed a Motion to Substitute Bond to Cash Escrow, seeking to have a stay of execution entered without the submission of a bond. Smith prepared and filed her opposition to that Motion on May 24, 2017. In a further attempt to prevent an execution of judgment, ABW filed a motion for Stay of Execution on May 24, 2017. Smith filed her opposition to that motion on June 29, 2017.

In the meantime, Plaintiff retained Brian L. Bromberg of Bromberg Law Offices, P.C. to handle the appeal of this case. As shown in the parties' respective declarations, his retention was necessary, because the undersigned does not regularly handle appellate work. Additionally, Attorney Bromberg's proximity to the Second Circuit enabled the parties to eliminate travel expenses associated with responding to ABW's appeal. Mr. Bromberg served notice of his appearance in the Second Circuit on May 8, 2017.

A Court of Appeals Mediation Program ("CAM"") Conference was held telephonically on June 16, 2017. Smith prepared and submitted an *ex parte* Memorandum for the mediator in connection with that conference. Mr. Blinn and Mr. Bromberg both participated in the conference, which was conducted by Attorney Kathleen Scanlon.

The parties reached an agreement at the CAMP Conference to settle the case for $10,000 above and beyond the judgment amount, which Plaintiff had collected through an execution. At the time of the conference, the status of the motor vehicle, which was addressed in the Court's April 12, 2017 Order regarding Motion for Judgment, was as follows: "The defendant may retrieve the vehicle at its expense upon payment of the award."

Counsel for ABW indicated that ABW might not bother to retrieve the Vehicle, which had been located at a body shop in the Rochester NY area since before the commencement of this case. The parties agreed that Smith would furnish ABW the title of the Vehicle if it chose to retrieve it.

The parties further agreed at the CAMP Conference that the case would be resolved by a stipulation to vacate the judgment and to dismiss the matter. Smith's lawyers prepared draft papers to accomplish this term and submitted them to ABW's counsel.

Subsequently, an individual identified only as "Nicole" from the office of ABW's lawyer, sent an email to the undersigned's paralegal stating:

> On this case, pursuant to our agreement, ABW needs to retrieve the car from your client. Once you advise where the car is, we propose setting up a date to have title signed over and exchange the $10,000 simultaneously. Please let me know where the car is and when your client will be available to sign the title over. I will ask ABW to prepare a check in the interim. Nicole

In response, the undersigned sent an email that read as follows:

> I spoke with Ken about this just now. He is aware that my client does not have the car. I have informed him of this on several occasions. The arbitration award and the court judgment both provide that ABW can retrieve the car at its own

3

expense.

Last we knew, the car was at Cole's Collision Center in Clifton Park, NY. It may or may not still be there.

During the CAMP Conference, Ken indicated that ABW may not bother to retrieve the car. Ms. Smith does have the title[1], and she will be happy to sign it over to ABW if it so requests.

The dispute between the parties regarding the vehicle was never resolved, and ABW has not paid the $10,000. Despite the purported lack of mutuality regarding settlement terms,[2] ABW failed to file its brief or to seek an extension by the August 11, 2017 deadline. The Second Circuit dismissed the appeal on August 22.

ABW may have refrained from filing an appeal in order to avoid the issuance of a show cause order by the Second Circuit.[3] Such an order would almost certainly have entered due to the frivolousness of filing an appeal of an order seeking confirmation of an arbitration award that it had not bothered to oppose. The apparent grounds for the appeal were a flagrant misrepresentation of the record of the proceedings and were articulated by ABW at page 2 of its May 24, 2017 Motion to Stay:

---

[1] The statement by the undersigned that Ms. Smith possessed the title was erroneous, although it was believed by the undersigned at the time that the email was sent. In fact, the title is in the possession of USAA, the lien holder of the Vehicle. It had been Smith's intention to pay the balance of the loan using the proceeds from this case, including the $10,000 that ABW had agreed to pay.

[2] Smith and her attorneys do not believe there was a lack of mutuality. The agreement was clear that ABW would pay $10,000 and that it might also decide to retrieve the vehicle, at its expenses, from Cole's Collision. It had not realized at the time that Cole's Collision might be claiming storage fees on the vehicle, which has been left there during the year since the arbitration was conducted, primarily because of ABW's refusal to honor the arbitrator's award when it issued.

[3] The Second Circuit issued a show cause order to Mr. Votre in connection with his representation of ABW in *Dixon v. A Better Way Wholesale Autos, Inc.*, 16-2852-cv order to show cause (Doc. 111) (2d Cir., June 28, 2017).

> The state court case was stayed on February 3, 2017. On April 14, 2017, only to determine if any issues addressed in the Application to Vacate were addressed in the Federal Court, the District Court of Connecticut granted the motion to confirm the arbitration award and entered judgment based thereon May 2, 2017. The Plaintiff failed to inform the Court of the pending stay action.

In this submission, ABW misrepresented to this Court the scope of the stay entered by the Superior Court, which was not limited in the manner suggested in their memo. More significantly ABW also misrepresented whether Plaintiff had informed this Court of the existence of the Stay. A copy of the Superior Court's order was filed in this action by the undersigned on February 8, 2017.  Plaintiff was required to respond to these misrepresentations in her opposition to that motion.

By filing a frivolous appeal, entering into a settlement agreement and then seeking to add additional terms, and by misrepresenting the record, ABW has required Smith's counsel to incur significant additional fees that were not included in the motion for supplemental fees previously submitted. Smith now seeks to make ABW responsible to pay those fees.

**ARGUMENT**

    **A.    Plaintiff Is Entitled to Supplemental Attorney's Fees under MMWA and TILA**

Plaintiff has addressed her entitlement to fees under the Magnuson Moss Warranty Act and the Truth in Lending Act in her prior motion for supplemental fees and will not repeat those arguments herein other than to state that both federal statutes provide for attorney's fee awards for successful litigations.[4]

---

[4] "[I]n the case of any successful action to enforce the foregoing liability… the costs of the action, together with a reasonable attorney's fee as determined by the court..." 15 U.S.C. § 1640(a)(3); "If a consumer finally prevails in any action brought under [MMWA, 15 U.S.C. §2310(d)(1)], he may be allowed by the court to recover as part of the

5

This Court previously approved the hourly rates of the undersigned in another similar case involving ABW. *See Dixon v. A Better Way Wholesale Autos, Inc.,* Order Re Motion for Supplemental Attorney's Fees, 3:15-cvv-00691-AWT (May 16, 2017, D. Conn).

As explained in the undersigned's Declaration, Consumer Law Group does not have the resources to handle the numerous appeals that A Better Way Wholesale Autos has raised in challenges to the judgments that have entered against it. Additionally, the undersigned has limited appellate experience. The decision was therefore made to have Attorney Bromberg handle the appeal. It is common for consumer protection lawyers, most of whom practice in solo or small firm practices, to co-counsel on cases requiring additional resources. Attorneys Blinn and Bromberg collaborate frequently on cases in both Connecticut and New York, and they work together in the same fashion as partners within a larger firm. Additionally, it was more efficient to involve Attorney Bromberg, because any additional time expended because of the involvement of new counsel was significantly less than the additional time and expenses that would have been incurred if the undersigned had been required to travel to New York to attend the anticipated oral argument.

The declarations of the undersigned and Attorney Brian L. Bromberg establish that the fair value of work performed in connection with Plaintiff's defense of the appeal

---

judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate." 15 U.S.C. § 2310(d)(2).

filed by ABW is $8,595, consisting of $6,755 for work performed by Mr. Blinn and his firm and $1,840 for work performed by Mr. Bromberg.

**CONCLUSION**

For the foregoing reasons, Plaintiff is entitled to a supplemental attorney's fee award from ABW in the amount of $8,595. Plaintiff has previously moved for supplemental fees of $5,800 for work performed in obtaining confirmation of the arbitration award and seeks total fees of $14,395.

                                      Plaintiff Rosalind Elaine Smith

                                      By:       /s/ Daniel S. Blinn
                                           Daniel S. Blinn (ct02188)
                                           Consumer Law Group, LLC
                                           35 Cold Spring Rd. Suite 512
                                           Rocky Hill, CT  06067
                                           Tel (860) 571-040
                                           Fax (860) 571-7457
                                           dblinn@consumerlawgroup.com

## CERTIFICATION

I hereby certify that on this 28th day of August, 2017, a copy of the foregoing Memorandum of Law in Support of Motion for Supplemental Attorney's Fees was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Daniel S. Blinn
Daniel S. Blinn